UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDWARD LUCAS, Individually and on Behalf of Others Similarly Situated, | Civil Action No. |
| Plaintiffs, | Jury Trial Demanded |
| v. | |
| CRESCENT DIRECTIONAL DRILLING, LP, | Collective Action |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Edward Lucas brings this collective action against Crescent Directional Drilling, LP to recover the unpaid overtime wages owed to Crescent Drilling's drilling workers – specifically Directional Drillers (Drillers) and MWD/LWD Field Operators (Operators) under federal law.

### JURISDICTION & VENUE

2.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division. Crescent Drilling is headquartered, in this District and Division.

## PARTIES

4.     Lucas was an Operator employed at Crescent Drilling. He regularly worked more than 12 hours a day, and 40 hours a week, without receiving the overtime pay required by federal law. His written consent is attached.

5.     Lucas brings this action on behalf of himself and all other similarly situated Drillers and Operators under § 16(b) of the FLSA 29 U.S.C. § 216(b) (the "FLSA Class"). The FLSA Class was subjected to the same FLSA violations as Lucas and is properly defined as:

**All Drillers and Operators employed by Crescent Drilling during the past 3 years.**

The members of the FLSA Class are ascertainable from Crescent Drilling's business records, particularly its personnel records.

6.     Crescent Drilling is a limited partnership headquartered in Houston, Texas.

## FACTUAL ALLEGATIONS

7.     Crescent Drilling is a directional drilling service provider.[1] It operates in several states, including Oklahoma, Pennsylvania, Texas, and Wyoming.[2] In each of the past 3 years, Crescent Drilling's revenues have exceeded $50 million.

8.     Lucas and all those similarly situated to him worked for Crescent Drilling as Drillers and/or Operators. Drillers and Operators work together in teams performing skilled technical services, usually at the wellsite. Drillers and Operators use tools, hard hardhats, and machinery produced for commerce within the meaning of the FLSA.

9.     Drillers and Operators perform the core services provided by Crescent Drilling to its customers, that is, drilling services.

---

[1]     http://www.crescentdirectional.com/About-Us/Our-History/
[2]     http://www.crescentdirectional.com/Why-Crescent/Territories-We-Serve/

10. No advanced degree is required to become either a Driller or an Operator. In fact, Crescent Drilling regularly hires Drillers and Operators with only a high-school diploma (or less).

11. Drillers and Operators are blue collar workers. They rely on their hands, physical skills, and energy, to perform manual labor in the oilfield. Unsurprisingly, Crescent Drilling requires them to have a "mechanical aptitude" and "be able to lift 75 lbs."

12. Drillers and Operators work long hours. Indeed, Crescent Drilling informs applicants they must be willing to "work in remote locations for extended periods of time" and remain "on call 24/7 for callout jobs and field support."

13. While in the field, Drillers and Operators regularly work more than 12 hours in a day, and more than 80 hours in a week. As an example, Lucas averaged 12 (or more) hours per day, each day that he worked.

14. But Crescent Drilling did not pay its Drillers and Operators overtime for hours worked in excess of 40 in a workweek.

15. Instead, Crescent Drilling pays Drillers and Operators a base salary, plus daily field pay (sometimes known as a "field bonus") for each day worked out in the field. This daily field pay is not overtime pay, but rather a lump sum payment that must be included in the Drillers and Operators' regular rates of pay.

16. As a result of Crescent Drilling's pay policies, Lucas and the FLSA Class were denied the overtime pay required by federal law.

17. Crescent Drilling knew, or showed reckless disregard for whether, Lucas and the FLSA Class were entitled to overtime pay under federal law.

## COLLECTIVE ACTION ALLEGATIONS

18. Lucas brings the claim under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

19. The members of the FLSA Class are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime. They are all blue-collars workers entitled to overtime after 40 hours in a week. And like Lucas, the members of the FLSA Class work long hours.

20. Lucas and the FLSA Class were all paid according to Crescent's "salary" plus day-rate system.

21. Thus, the FLSA Class is similarly situated within the meaning of 29 U.S.C. § 216(b).

22. Crescent Drilling employed at least 100 Drillers and 100 Operators in the United States during the past 3 years. These workers are geographically disbursed, residing and working in states across the county. Because these workers do not have fixed work locations, Drillers and Operators may work in different states across the country in the course of a given year.

23. Absent a collective action, many members of the FLSA class likely will not obtain redress of their injuries and Crescent Drilling will retain the proceeds of its violations of the FLSA.

24. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION
### Violation of the FLSA

25. Lucas incorporates the preceding paragraphs by reference.

26. At all relevant times, Crescent Drilling has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

27. Crescent Drilling employed Lucas and each member of the FLSA Class.

28. Crescent Drilling's pay policy denies Drillers and Operators overtime for hours worked in excess of 40 per week.

29. Crescent Drilling's failure to pay Lucas and the FLSA Class overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

30. The foregoing conduct constitutes a willful violation of the FLSA. Due to Crescent Drilling's FLSA violations, Lucas and the members of the FLSA Class are entitled to recover from Crescent Drilling their unpaid overtime compensation, an equal as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

## JURY DEMAND

31. Lucas demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs pray for:

a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Drillers and Operators to permit them to join this action by filing a written notice of consent;

b. A judgment against Crescent Drilling awarding Plaintiffs and the FLSA Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorneys' fees, costs, and expenses;

    d.   Pre- and post-judgment interest at the highest applicable rates; and

    e.   Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

/s/ **Rex Burch**
By: _____
Richard J. (Rex) Burch
Texas Bar No. 24001807
S.D. Tex. No. 21615
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, HAMPTON, LEEBRON,
   BRIGGS & JOSEPHSON, L.L.P.**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
mjosephson@fhl-law.com

## NOTICE OF CONSENT

I consent to be a party plaintiff in this action and, if necessary, a subsequent action, to recover any unpaid wages owed to me by Crescent Energy

*Edward B. Lucas, Jr.*
Edward B. Lucas, Jr. (Jun 6, 2014)
_____
Signature

Edward B. Lucas, Jr.
_____
Full Legal Name (print)